### JAMES LONG, JR., v. C. B. BURKHAM, ET AL.

**Surety on Bond for Judicial Sale of Real Estate.**

A surety on a sale bond executed for the price of land sold at judicial sale is bound for the whole sum due on the bond, and where on default the land for which the bond was given failed to sell for enough to satisfy the bond he is required to pay the balance.

### APPEAL FROM OWEN CIRCUIT COURT.

March 4, 1880.

OPINION BY JUDGE COFER:

The case shows that the appellant became surety on certain sale bonds executed for the price of land sold at judicial sale. Executions were issued on the bonds first falling due, and were returned nulla bona. The plaintiffs, to whom the bonds were payable, made a motion based on the returns to resell the property to pay the purchase-money, and Page & Co., having a lien on the land subordinate to the lien of the obligors in the bonds, brought suit to enforce their lien and caused their suit to be consolidated with the suits in which the first sale was made.

The court adjudged a sale of the land to satisfy, first, the sale bonds, and then the debt of Page & Co. The appellee, who was the owner of the debts due on the sale bonds, bought the whole land for less than what was due on the bonds, and the execution enjoined was for the balance not satisfied by the sale. We are unable to see of what the appellant can justly complain.

He was bound for the whole sum due on the bonds. The land for which the bonds were given failed to sell for enough to satisfy them, and he is called upon to pay the balance. This is no more than he is legally bound to do, and the judgment must be *affirmed*.

*Green & Lindsay, E. E. Settle, for appellant.*
*H. P. Montgomery, for appellees.*